Upon the latter it seems entirely clear that the court informed the jury correctly. What may be the effect of such a contract in equity upon the particular devise of the land sold is another question. The devisee may, or may not, be a trustee for the purchaser, according to *Page 499 
circumstances; and the price of the land may, or may not, be a part of his personal estate for the benefit of his residuary legatee or next of kin, also according to circumstances. But we have nothing to do with either of these questions, now. The point in dispute is whether there be a revocation of the will at law; and that there is not, is proved beyond a doubt by many authorities. Ryder v. Wager, 2 P. Will., 332;Cotter v. Sawyer, ib., 23. Even if the lands had been actually (699) conveyed, the will would not have been thereby revoked, properly speaking, so as to prevent its probate; but the only effect would be an ademption of the devise of the particular lands conveyed. Upon the point of evidence, however, I think with the defendants. This issue is in the nature of a suit, and the executors and devises are regularly parties to it. Their declarations ought to be received in evidence against themselves. I cannot see a legal ground to reject them. We cannot, in a court of law, look to the interests of third persons not before us. We cannot here know the executor as a trustee. All we can know is that he is before us as a partyto the suit. The rule is universal that whatever a party says or does shall be evidence against him, to be left to the jury. It is competent evidence. The jury can and will give it its due weight, according to the manner of obtaining the confession or the relative interests of him whose admissions are proved. I know of no solitary exception to this rule, and cannot imagine one. I think, therefore, that there must be a new trial.
NOTE. — See S. c., reported in 6 N.C. 317, under the name ofArchibald McCraine's Heirs and Devisees v. Neil Clark and Catharine, hiswife.
Cited: Ragland v. Huntingdon, 23 N.C. 564; Enloe v. Sherrill,28 N.C. 215, 216; Linebarger v. Linebarger, 143 N.C. 236;Plemmons v. Murphey, 176 N.C. 675.
(700)