FIRST NATIONAL FIRE INSURANCE COMPANY OF THE UNITED STATES, A CORPORATION, *Plaintiff in Error*, v. T. A. BURNETT, *Defendant in Error*.

## Opinion Filed April 1, 1920.

1. The clause in a New York Standard Policy of Fire Insurance that "This policy shall be cancelled at any time at the request of the insured; or by the company giving five days' notice of such cancellation; if this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium." Construed.

   Held: That where an insurance company seeks to cancel a policy by giving five days' notice, the return or tender by the company of the unearned portion of the premium is a condition precedent to the cancellation of the policy.

2. Under a provision in the policy for the return of the pro rata portion of the unearned premium when the policy is cancelled by the company by giving notice, a draft drawn by the insurance company upon itself is not a sufficient payment or

tender, in the absence of anything to show that the insured waived his right to require the return or tender of the unearned portion of the premium.

3. In the absence of an averment in a plea that the insured accepted the company's draft drawn on itself or did any act that would show a waiver of his right to require the return or tender of such unearned portion, a demurrer to the plea was properly sustained.

4. Where a plea in an action on a fire insurance policy sets out the stipulation that it would be void "if the hazard be increased by any means within the control or knowledge of the insured," and avers a breach thereof by plaintiff, in that he removed from the premises, and by his own act changed the occupancy from that of owner to tenant occupancy, and thereby increased the risk of loss and damage in the insured property and the hazard of the defendant; and the replication admits the change of occupancy, but denies that it increased the risk or hazard, the burden of proof is on the defendant to show by a fair preponderance of the testimony that the change in occupancy from that of owner to tenant occupancy increased the hazard

Held: That the testimony of the defendant sustained the burden.

A Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Judgment reversed.

*Reynolds & Rogers,* for Plaintiff in Error;

*C. D. Blackwell,* for Defendant in Error.

BROWNE, C. J.—T. A. Burnett, the defendant in error, obtained a judgment against the First National Fire Insurance Company of the United States on a fire insurance policy, and the case is here on writ of error.

The first question presented arises on the construction of this clause in what is known as a New York Standard Policy: "This policy shall be cancelled at any time at the request of the insured; or by the company giving five days' notice of such cancellation; if this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium."

The defendant's second amended plea set out this clause, and averred that on February 17, 1917, the plaintiff received from the insurer notice of its cancellation of the policy, and that a draft for $7.64 being the full amount of the unearned premium on the policy for the unexpired term was enclosed, and that it would be honored on presentation, provided the policy was attached thereto, and that thereby the policy became by its terms null and void on February 22, 1917. A demurrer to this plea was sustained, and this is made the basis of the first assignment of error.

The questions presented by this assignment are, (1) whether an insurance company desiring to cancel a policy by giving five days' notice, must return or tender at the time the pro rata of the premium paid by the insured, as a condition precedent to the cancellation; and (2) was the company's draft upon itself, on which was noted that the draft would not be honored unless the policy was attached thereto, a sufficient return or tender of the unearned portion of the premium?

The first part of this question has been before the courts of this country so frequently, and has been so fully discussed, that no useful purpose would be served by an extended argument by this court and, we will content ourselves with a very brief reference to the authorities, and announce our conclusion.

The clause under consideration is part of the standard form of insurance contract adopted by the State of New York to be used by insurance companies in that State, and is the form adopted by fire under-writers for use in Florida.

The question before us has had the careful consideration of the New York courts where the rule is now settled, that the return of tender by the company of the unearned portion of the premium, is a condition precedent to the cancellation of the policy. Nitsch v. American Cent. Ins. Co., 152 N. Y. 635, 46 N. E. Rep. 1149; Tisdell v. New Hampshire Fire Ins. Co., 155 N. Y. 163, 49 N. E. Rep. 664, 40 L. R. A. 765; Buckley v. Citizens' Ins. Co. of Missouri, 188 N. Y. 399, 81 N. E. Rep. 165, 13 L. R. A. (N. S.) 889.

In the Buckley case *supra,* the court said: "It is a question of vital importance to the insurer and the insured as to the precise meaning of the cancellation clause in the standard policy. The situation is not a complicated one, and the court desires to so construe the clause that its meaning may be made clear. If the insurance company desires to cancel, it must, as we have held in the cases cited, not only give the notice required, but accompany it by the payment or tender of the pro rata amount of the unearned premium.     It cannot legally demand of the insured the surrender of the policy and its cancellation until this is done."

In the case of Taylor v. Insurance Co. of North America, 25 Okl. 92, 105 Pac. Rep. 354, there is a very full presentation of the authorities in the opinion of the court, and the dissenting opinion of Mr. Justice DUNN. See also German Union Fire Ins. Co. of Baltimore v. Clarke, 116 Md. 622, 82 Atl. Rep. 974, Ann. Cas, 1913D 488.

We will not undertake to say where that mystical, mythical thing the "weight of authority" lies, but there is abundant authority and good reasons for the construction we place upon this clause, which is, that the stipulation in the policy for its cancellation by the company requires a return or tender of the unearned premiums as a condition precedent to the right of the insurer to cancel the policy.

The next question presented by this assignment is: was the receipt by the insured of the draft drawn by the insurance company upon itself sufficient, in the absence of any averment in the plea that the insured accepted the draft, or did any act that would show a waiver of his right to require the return or tender of the unearned portion of the premium? The plea does not aver that the plaintiff accepted the draft or that he did any act that could be construed into a waiver of any of his rights. The plea, therefore, set up no proper defense, and there was no error in sustaining the demurrer to it.

The defendant filed third, fourth and fifth amended pleas, to which special replications were made. As substantially the same question was raised by these pleas, we will discuss only the third.

This plea set up a condition in the policy that it should be void "if the hazard be increased by any means within the control or knowledge of the insured," and averred

a breach thereof by plaintiff in that he removed from the premises, and by his own act caused the insured dwelling house to be occupied and possessed by a tenant at some time unknown to the insurer, and did thereby increase the risk of loss and damage to the insured property, and the hazard of the defendant.

The special replication to this plea admitted that plaintiff had removed from the insured dwelling house and caused it to be occupied and possessed by a tenant, but denied that he thereby increased the risk of loss by fire and damage to the insured property, and denied that he thereby increased the hazard of the defendant. Under this plea the burden was upon the defendant to show by a fair preponderance of the evidence that the change in the occupancy of the insured premises from that of the dwelling house of the owner, to that of a tenant increased the hazard, and when he met this burden by a fair preponderance of the evidence, the burden shifted to the plaintiff to show that the change of occupancy did not increase the hazard. The only testimony on this point is that of the defendant's witness, McCormack, who testified that he had been more or less engaged in the insurance business all his life, and had been local agent of this company in Live Oak for seven years, and that tenant occupancy is considered more hazardous than occupancy by the owner; that he based this statement upon having seen the records of various insurance companies that show the loss ratios on tenant occupancy of property to be very much greater than the ratios on property occupied by the owners, and that his knowledge of these facts, together with his own experience, was what he based his opinion upon.

We think this testimony met the burden assumed by the defendant's third plea. The plaintiff made no attempt to contradict or offset this testimony, and the defendant haivng sustained his plea was entitled to a verdict.

The judgment is reversed and a new trial is granted.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.