Defendant's first assignment of error is based upon its contention that "the court erred in allowing the plaintiff to introduce in evidence the alleged inventory dated 30 June, 1924, consisting of seven sheets, and marked `Exhibit P-I.'" Plaintiff testified that she and her husband made the inventory of the articles of merchandise, composing her stock of goods, on 30 June, 1924; the articles were listed at the cost price. The fire occurred on 29 July, 1924. Between the date of the inventory and the date of the fire, plaintiff was sick, and sold very few goods from the stock. More goods came in than were sold. The sheets offered in evidence as an inventory show the number of pairs of shoes, with stock number and price of each, and the value of the groceries, hardware, dry goods, notions, hats, pants, boys' and men's suits, separately. In view of the character of the business which plaintiff was conducting, and the size of her stock, we must hold that there was a substantial compliance by her with the provisions of the policy, relative to an inventory. Arnold v. Ins. Co., 152 N.C. 232. We find no error in the overruling by the court of defendant's objection to the evidence.
By its exceptions to the refusal of the court to allow its motion for judgment as of nonsuit, at the close of the evidence, and to the instruction *Page 11 
of the court to the jury that "if you believe the evidence, you will answer the first issue. `Yes,' the second issue `Yes,' and the third issue,' $1,980, with interest from 29 September, 1924,'" defendant presents its contention that plaintiff cannot recover in this action for that the entire policy was avoided by the sale and conveyance by the insured of the store building covered by the policy, not only as to the building conveyed, but also as to the stock of merchandise and as to the store furniture and fixtures. Plaintiff contends that, conceding that by the change in the ownership of the store building, resulting from its sale and conveyance by the insured, prior to the assignment of the policy to plaintiff, the policy was avoided as to the store building, it was and remained in full force and effect with respect to the stock of merchandise and to the store furniture and fixtures. These contentions involve the question as to whether the contract evidenced by the policy was divisible or indivisible as between C. D. Mortt, the insured, and defendant, the insurer. This question has been authoritatively determined in this jurisdiction. Conceding that there is much conflict among the decisions in different jurisdictions on the question here presented, this Court has said in Coggins v. Ins. Co.,144 N.C. 8: "Without going into any extended review of these different decisions, we are of the opinion that the great weight of authority, as well as the better reason, establishes the position that when to the fact that the premium is entire, there is added the fact of identity of risk, the obligation is single, and on the breach of the stipulation all recovery is barred. This question of identity of risk being held the determinative factor in policies of this kind, where the amounts are separate and the premiums entire, is very well treated in a note to Wright v. Ins. Co., 19 L.R.A., 211." Cuthbertson v. Ins. Co. 96 N.C. 480, and Biggs v. Ins.Co., 88 N.C. 141, are cited in support of the holding that identity of risk is the controlling feature in the decision of the question.
In Coggins v. Insurance Company, the policy covered the building and also a stock of merchandise, contained therein, the amount of insurance on the building being fixed in the policy at $200, and that on the stock of merchandise at $1,500. Both were destroyed by fire, before the expiration of the term for which the property had been insured. There was a violation of the "iron-safe clause." It was held that, by the terms of the policy, this violation avoided the policy, both as to the stock of merchandise and as to the building. Judge Hoke, writing the opinion for the Court, says: "True, the amount of the insurance is apportioned, a definite sum being specified for the building, and another for the goods. It is also true that the stipulations of the iron-safe clause are more especially addressed to the insurance of the goods; but the premium on the policy is entire; the concluding stipulation is to the *Page 12 
effect that if the insured fails to produce the set of books and inventory as required by the contract, the policy shall become null and void, and the `failure shall constitute a perpetual bar to any recovery thereon'; and, furthermore, the goods are insured `while they are contained in the storehouse and not elsewhere,' thus making the risk on the goods and on the building substantially identical."
In the instant case, by its policy of insurance, defendant, for one entire premium, insured C. D. Mortt, the owner, against loss or damage, by fire, to three classes of property, to wit: (1) the store building; (2) the stock of merchandise; (3) the store furniture and fixtures, the insurance on the two last-named classes of property to be in force, only "while contained in this building." Here we have both (1) an entire premium, and (2) an identity of risk. The obligation is therefore single. It is expressly stipulated that change in the interest, title or possession of the subject of the insurance shall avoid the entire policy. The admitted violation of this stipulation rendered the entire policy void, not only as to the property, the title to which was changed by the sale and conveyance, but also as to the property, the title to which remained in the insured. The entire policy having become void, by the act of the insured, no action could thereafter be maintained by him for any recovery upon the policy. We necessarily reach this conclusion under the law as declared by this Court in Coggins v. Insurance Company. The law has been declared otherwise in other States and in other jurisdictions, both before and since that decision; we do not find the reasoning which has led other Courts to a different conclusion from that reached by this Court, so conclusive as to justify us in considering whether the decision of the question in Cogginsv. Insurance Company should be overruled, and we therefore follow that decision as the law in this State. See Joffe v. Niagara Fire Ins. Co.,116 Md. 155, and full note in 51 L.R.A. (N.S.), 1047. The annotator says: "The earlier cases on this subject will be found collected and discussed in the note to Wright v. Fire Ins. Asso., 19 L.R.A., 211. There has been very little change in the attitude of the Courts since the publication of the earlier note, but such alteration of the views as have taken place have been in favor of the divisibility of a policy covering different kinds of property separately valued." Where the different classes of property insured by the same policy are not exposed to the identical risk, and the rate of premium on each class is determined by this fact, it may well be held, on principle, that the contract is divisible; but where the risk is identical, and the premium is entire, we hold the law to be, in this State, that the contract is indivisible.
In Northern Assurance Co., Ltd., of London, v. Case, decided 14 April, 1926, in the United States Circuit Court of Appeals, Fourth Circuit, *Page 13 
a contrary view of the law is declared. Authorities are cited in the opinion in that case, written by Parker, Circuit Judge, in support of the decision, although it is said that some of the State Courts of high authority hold policies of insurance upon a building and its contents indivisible on the theory that there is an identity of risk. The decision of the question there presented follows the law as declared in that circuit in the opinion of Judge Knapp, in Downey v. German Alliance Insurance Co. (C.C.A., 4th), 252, Fed., 701. This decision, however persuasive the reasoning by which it is supported may be, cannot be authoritative with us. The law in this State is as declared in the opinion of Hoke, J., in Cogginsv. Ins. Co., supra.
The rights of the plaintiff in this action, however, under the policy, arise out of the assignment of the policy, by the insured, with the consent, in writing, of the insurer, dated 19 June, 1924; conceding that the entire policy was void on that date as to the insured, and that no action could have been maintained by him, on the policy, it does not necessarily follow that the policy was thereafter void as to plaintiff. The statement of the law in 32 C. J., 1314, sec. 563, is well supported by the authorities cited. It is as follows:
"As a general rule, a ground for avoidance or forfeiture of a contract of insurance which is available as against the insured may be asserted as against any third person claiming the benefits of the contract, such a third person beneficiary, or an assignee, or a creditor. Where, however, the policy has been assigned with the consent of the company in such manner as to become a new contract between the company and the assignee, it will not be avoided by misrepresentations upon the part of the original insured not material to the new agreement, nor by a subsequent breach of the policy by the assignor, and the assignee is not affected by conditions not appearing in the policy, and of which he had no knowledge."
In Vance on Insurance, p. 413, it is said: "The assignment of a fire policy before it becomes a fixed liability by the loss of the property insured can be made only with the consent of the insurer, which transforms the assignment into a novation, and eliminates any question of conflicting rights of assignor and assignee."
In Hall v. Niagara Fire Insurance Co. (Mich.), 18 L.R.A., 135, it was held that the assignment of an insurance policy, with the consent of the insurer, creates a new contract, between the latter and the assignee, which is unaffected by any causes of forfeiture previously existing, and unknown to either party. It has been held that acts of the assignor, prior to the assignment, by which the policy was forfeited, or became void, as to him, do not affect the rights of the assignee, even where the insurer was ignorant at the time of its consent to the assignment, of the *Page 14 
acts of forfeiture, or of acts which rendered the policy void as to the original insured. Ellis v. Ins. Co. of North America, 32 Fed. Rep., 646;City Fire Ins. Co. v. Mark, 45 Ill. 482; Continental Ins. Co. v. Munns,120 Ind. 30, 5 L.R.A., 430. Where the insurer has knowledge of such acts, and with such knowledge consents to the assignment of the policy, to a purchaser of the property, and thereby becomes liable to him, under the policy, in the event of a loss, it is clear that an action by the assignee to recover for such loss cannot be barred by reason of any act of the assignor, prior to the assignment, although the act rendered the policy void as to him.
In the instant case, plaintiff knew of the act of the original insured, to wit, the conveyance by him of the store building, covered by the policy, which under its terms, rendered the entire policy void; she, as his wife, had joined with him in the deed conveying the property. She offered evidence, which was uncontradicted, that defendant's agent, who acted in its behalf, in consenting to the assignment, also knew of the sale of the building. The knowledge of its agent is imputed to defendant, not upon the principle of waiver — for under the terms of the policy the agent was without power to waive the forfeiture resulting from the change in title of the store building — but upon the principle of estoppel. Johnson v.Ins. Co., 172 N.C. 142; Grabbs v. Ins. Co., 125 N.C. 395. Defendant, with knowledge that the entire policy was void on 19 June, 1924, consented to its assignment to plaintiff, and retained the unearned portion of the premium. It cannot be supposed that defendant consented to the assignment of a policy which it knew to be void and retained the unearned portion of the premium on a policy under which it had no liability to the assignee, the owner of the property insured by the policy. Forward v. Ins. Co.,142 N. Y., 387. However this may be, we hold that defendant cannot now resist recovery by plaintiff upon the facts, as the jury must have found them, if they believed the evidence. The judgment is affirmed. There is
No error.