DONALD R. DALE AND WIFE, MARY C. DALE v. IOWA MUTUAL INSURANCE COMPANY

No. 7825SC608

(Filed 17 April 1979)

Insurance § 121— fire insurance—wilful misrepresentation of loss of personalty—policy not divisible—policy void as to real property

Where a fire insurance policy contained a forfeiture clause for wilful misrepresentation of a material fact and contained one basic premium in payment for the coverage of both plaintiffs' house and their personal property therein, and the risk to the real and personal property was identical, both being subject to the same fire, the policy was not divisible; therefore, where plaintiffs wilfully misrepresented material facts in swearing to their proof of loss with respect to their personal property, the policy was void with respect to their real property as well.

APPEAL by plaintiffs from *Gaines, Judge.* Judgment entered 15 February 1978 in Superior Court, BURKE County. Heard in the Court of Appeals 27 March 1979.

Plaintiffs appeal from a judgment denying recovery on a claim for real and personal property loss under a policy of fire insurance. We find no prejudicial error in the trial.

The evidence showed that on 4 April 1976 defendant issued to plaintiffs a standard fire insurance policy insuring plaintiffs' dwelling house and personal property in the house. The property was in Burke County, North Carolina, and the contract of insurance issued in North Carolina. The premium was paid and while the policy was in effect a fire occurred on 6 May 1976 destroying and damaging the house and personal property belonging to plaintiffs. Evidence of plaintiffs tended to show a loss in excess of $35,000 for damages to the dwelling house and in excess of

$17,500 to the personal property. Defendant's evidence conceded the policy was issued, but tended to show plaintiffs wilfully misrepresented material facts in swearing to their proof of loss with respect to this alleged personal property loss. For this reason, defendant refused to pay under the policy, except the payment of $13,656.66 to Morganton Savings & Loan Association according to the provisions of the mortgage assignee clause of the policy.

The evidence further showed a fire was first detected about 1:15 p.m. in an upstairs bedroom. This fire was extinguished by the Salem Fire Department. However, fire was again detected about 8:50 p.m. when the house was totally destroyed. Certain personal property had been removed from the premises after the first fire and before the 8:50 p.m. fire.

The jury found that the plaintiffs had wilfully concealed or misrepresented material facts concerning the insurance, and the court entered judgment denying plaintiffs' claims.

*John H. McMurray for plaintiff appellants.*

*Morris, Golding, Blue and Phillips, by William C. Morris, Jr. and Steven Kropelnicki, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiffs' principal contention is that the policy of insurance is divisible and if plaintiffs violate the policy with respect to their claim for personal property loss, it does not void the policy as to the claim for damages to the dwelling house.

The policy is a standard fire insurance policy and the statutory provisions are incorporated in it. The terms of N.C.G.S. 58-176(c) require that the standard fire insurance policy for North Carolina contain this provision:

This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

Dale v. Insurance Co.

This provision is inserted in the insurance contract by the statute as a part of the public policy of the state. *Greene v. Insurance Co.*, 196 N.C. 335, 145 S.E. 616 (1928). This provision is valid, and the rights and liabilities of the parties under the policy must be ascertained and determined in accordance with its terms. *Gardner v. Insurance Co.*, 230 N.C. 750, 55 S.E. 2d 694 (1949). The parties are presumed to know all the terms, provisions and conditions included in the contract of insurance. *Midkiff v. Insurance Company*, 197 N.C. 139, 147 S.E. 812 (1929).

Plaintiffs argue that under the divisibility theory, the words "entire policy" in the statutory provision refer only to the "entire policy" which the fraudulent statement affected and does not include those separate provisions of the policy insuring other risks unaffected by the fraudulent statement. We do not agree.

It is generally held that if a building and its contents are insured, and the risk insured against is generically identical as to each, a breach of condition respecting either the realty or the personalty insured affects the hazard as to all the property insured and will thus avoid the contract of insurance as an entirety. 43 Am. Jur. 2d Insurance § 302 (1969). Plaintiffs rely primarily upon *Claxton v. Fidelity & Guaranty Fire Corp.*, 179 Miss. 556, 175 So. 210 (1937). The policy in *Claxton* had a forfeiture clause similar to the provision in plaintiffs' policy. The court found plaintiff had made a false statement with respect to the personal property and held the policy void as to the claim for personal property but valid as to the claim for damages to the real property. The policy in *Claxton* was a scheduled policy, insuring various items and fixing the amount of insurance to be paid on each; with the premium based upon the various items insured, fixed as an entirety.

The policy *sub judice* contains one basic premium in payment for the coverage of both the real and personal property. The risk to the real and personal property is identical, both being subject to the same fire. We hold the case is controlled by *Coggins v. Insurance Co.*, 144 N.C. 7, 56 S.E. 506 (1907), where the Court held:

> Plaintiff then takes the position that while this ruling would prevent a recovery for the loss of the goods, he should still be allowed to recover for the loss of the storehouse, inasmuch as the policy placed a definite and distinct portion of the insurance on the building. But we cannot so interpret the

contract. True, the amount of the insurance is apportioned, a definite sum being specified for the building and another for the goods. It is also true that the stipulations of the iron-safe clause are more especially addressed to the insurance of the goods; but the premium on the policy is entire; the concluding stipulation is to the effect that if the insured fails to produce the set of books and inventories as required by the contract, the policy shall become null and void, and the "failure shall constitute a perpetual bar to any recovery thereon"; and, furthermore, the goods are insured "while they are contained in the storehouse, and not elsewhere"; thus making the risk on the goods and on the building substantially identical.

. . . the destruction of the one would almost of a certainty involve the destruction of the other; and the physical hazard of the risk and the moral hazard, as affected by these stipulations in question, were one and the same. In such case we are clearly of the opinion that the contract is not divisible, and that a breach of the stipulation will go to the entire measure of the obligation.

. . . .

. . . we are of opinion that the great weight of authority, as well as the better reason, establishes the position that when to the fact that the premium is entire there is added the fact of identity of risk, the obligation is single, and on breach of the stipulation all recovery is barred.

*Id.* at 13-14, 56 S.E. at 508-09.

In *Biggs v. Insurance Co.*, 88 N.C. 141 (1883), Justice Ruffin, the younger, stated:

[I]n a case like ours, in which the property insured consists of a single storehouse and the goods kept therein, a breach as to part will work a forfeiture as to the whole. In such case it is impossible to introduce any new element of carelessness by lessening the interest of the owner in one species of the property, so as to increase the risk thereof, without at the same time adding to the hazard of the other. Every risk that can attend the one must attend the other, and consequently the same rule must apply to both.

---

**Dale v. Insurance Co.**

---

> The contract in this case was an entire one—the premium paid, a single amount—the application for the insurance on both the house and the goods, one act—and any misrepresentation as to one would have avoided the policy as to both. So that the court feels no hesitation in saying under which rule the case falls.

*Id.* at 144-45.

Where the rate of premium of each class of property is determined by the different risks to the different classes of property, it can be reasoned that the insurance contract is divisible; but where the risk is identical, and the premium entire, as here, the contract is indivisible. *Mortt v. Insurance Co.*, 192 N.C. 8, 133 S.E. 337 (1926). Plaintiffs' assignments of error are overruled.

Plaintiffs assign as error the testimony of the witness Clark concerning statements made to him by the plaintiff Donald Dale as to Dale's belief that his wife may have had something to do with the fire. The statements by Dale were those of a party to the action and not hearsay as to him. *Tredwell v. Graham*, 88 N.C. 208 (1883). In *McRainy v. Clark*, 4 N.C. 698, 699 (1818), Ruffin, J., later the great Chief Justice, stated: "The rule is universal that whatever a party says or does shall be evidence against him, to be left to the jury. It is competent evidence. The jury can and will give it its due weight, . . .. I know of no solitary exception to this rule, and cannot imagine one."

No specific objection was made on behalf of plaintiff Mary C. Dale to the challenged testimony. Only a general objection was entered. The issue as to the alleged misrepresentation was addressed to both plaintiffs, not Donald Dale alone. Both plaintiffs signed the proof of loss. The jury reconciled the issue against both plaintiffs. The assignment of error is overruled.

We have considered plaintiffs' other assignments of error and find them without merit. Plaintiffs received a fair trial free of prejudicial error.

No error.

Judges PARKER and ERWIN concur.