390 So.2d 86 (1980)
GITTLIN COMPANIES, INC., Appellant,
v.
DAVID & DASH, INC., Appellee.
No. 80-672.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied December 8, 1980.
Turner, Hendrick, Guilford, Goldstein & McDonald and S. Alan Stanley, Coral Gables, for appellant.
Dubbin, Schiff, Berkman & Dubbin and Evan Langbein and Alan E. Greenfield, Miami, for appellee.
Before SCHWARTZ and NESBITT, JJ., and LILES, WOODIE A. (Ret.), Associate Judge.
SCHWARTZ, Judge.
Purportedly because the appellee David & Dash's employees made $597.08 in direct sales of wallpaper, in violation of the exclusive distribution provision of the parties' agreement, the appellant, Gittlin, repudiated the entire contract, and thus refused to honor its undertaking to purchase well over $100,000 of the material from the appellee. On cross-motions for summary judgment, the trial court held that David & Dash's breach was not a material or substantial one and therefore did not justify the recission of the contract by the appellant. See Hyman v. Cohen, 73 So.2d 393, 397 (Fla. 1954); Steak House, Inc. v. Barnett, 65 So.2d 736 (Fla. 1953); Beefy Trail, Inc. v. Beefy King International, Inc., 267 So.2d 853, 857-58 (Fla. 4th DCA 1972); 17 Am.Jur.2d, Contracts § 504 (1964); 12 Williston, Contracts § 1455 (3d ed. Jaeger 1970). We entirely agree with that determination. Cincinnati Siemens-Lungren Gas Illuminating Co. v. Western Siemens-Lungren Co., 152 U.S. 200, 14 S.Ct. 523, 38 L.Ed. 411 (1894); McAlpine v. AAMCO Automatic Transmissions, Inc., 461 F. Supp. 1232 (E.D. Mich. 1978). Accordingly, the order granting summary judgment on the issue of liability for breach of contract in favor of David & Dash, now under review pursuant to Fla.R.App.P. 9.130(a)(3)(C)(iv), is
Affirmed.