BASKIN, Judge.
Ruben Cenal filed an action against Luis and Leonor Jaramillo to recover a debt evidenced by a $40,000 promissory note. The note was subject to compliance with the terms of a contract in which Cenal sold his stock in a corporation to Luis Jaramillo, the remaining stockholder, and his interest in certain real property to the Jaramillos. The Jaramillos raised as a defense Cenal’s breach of some of the terms of the agreement as justification for their nonpayment of the note. Following a non-jury trial, the trial court entered final judgment in favor of the Jaramillos. We reverse.
The Cenal-Jaramillo contract contained a non-competition clause which provided, in pertinent part, that in developing land adjacent to the Jaramillos’ project, Cenal would not engage in specified advertising for a period of seven months. The evidence demonstrated that Cenal distributed several fliers, landscaped the construction trailer, and provided floor plans to several potential customers. The court ruled that because “[t]he evidence showed that Plaintiff violated the terms of this agreement ..., [tjhere was no compliance, hence there are no sums due under the note.” That ruling is an incorrect conclusion of law. Although it is true that “[wjhenever there is a total breach of a contract by one party ..., the other is at liberty to treat the contract as broken and desist from any further effort on his part to perform it,” Hyman v. Cohen, 73 So.2d 393, 397 (Fla.1954); Beefy Trail, Inc. v. Beefy King Int’l, Inc., 267 So.2d 853 (Fla. 4th DCA 1972), a minor breach does not discharge performance. Beefy Trail, Inc., 267 So.2d at 857. Here, the evidence clearly demonstrated that Cenal’s actions constituted a minor breach of the agreement. See Gittlin Companies, Inc. v. David & Dash, Inc., 390 So.2d 86 (Fla. 3d DCA 1980). Because the court erred in entering a judgment discharging the Jaramillos’ obligation to pay the note, we reverse the final judgment.
Reversed and remanded for further proceedings in accordance with this opinion.