685 So.2d 1002 (1997)
Bruce A. WONG KEN, as Personal Representative of the Estate of Pamela R. Wong Ken, Deceased, Appellant,
v.
STATE FARM FIRE & CASUALTY COMPANY, Appellee.
No. 96-1230.
District Court of Appeal of Florida, Third District.
January 8, 1997.
*1003 Rhea P. Grossman, Miami, for appellant.
Hardeman & Suarez, Miami; Russo & Talisman, Coconut Grove, and Laura P. Denault, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
The cacophony of Hurricane Andrew is over but its dissonance lingers on, and on and on. This case arises from the extensive damage Andrew inflicted on a very expensive home in Dade County owned by Wong Ken's mother. Pursuant to its homeowners' policy, State Farm voluntarily paid over $1,100,000 to repair and replace the structure and contents. Afterward, however, Wong Ken, as the representative of his mother's estate, claimed and received some $85,000 under an insuring agreement which provided for reimbursement of "additional living expenses" incurred as a result of the storm. The carrier subsequently discovered evidence that the "living expenses" claim was fraudulent and brought the present case to rescind the policy and for the return both of the $85,000 and the $1,100,000 it had paid for property damage. The action was based on the following policy provision:
2. Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss. [emphasis supplied]
After extensive discovery, the carrier moved for summary judgment on liability in its favor. The insured has taken this non-final appeal, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), from an order granting the motion. We affirm.
There is no question that the clause which voids coverage if the insured makes an intentional misrepresentation "after a loss" that is, as here, in making a claimis valid and enforceable. See Chaachou v. American Cent. Ins. Co., 241 F.2d 889 (5th Cir.1957)(applying Florida law); American Employers' Ins. Co. v. Taylor, 476 So.2d 281 (Fla. 1st DCA 1985) (applying provision to conduct in making claim even when anti-fraud provision is silent as to its application after loss), dismissed, 485 So.2d 426 (Fla. 1985); cf. Wendel v. State Farm Fire & Casualty Co., 435 So.2d 284 (Fla. 5th DCA 1983)(contrarily refusing to extend silent clause to misrepresentations after loss), pet. for review denied, 447 So.2d 888 (Fla.1984).
Moreover, we agree that Wong Ken's violation of that portion of the clause was established as a matter of law. The record shows uncontradictedly that, although Wong Ken in fact lived in the damaged home throughout the repair process, he fraudulently represented otherwise to the company, backing his temporarily successful claim with "leases" and a check representing purported rental payments for alternative housingall of which were entirely bogus. Hence, the *1004 order granting the motion for summary judgment on liability[1] was correct, Chaachou, 241 F.2d at 889, and is affirmed. The cause is remanded for determination of the relief to which the carrier is entitled.[2]
Affirmed, remanded.
SHEVIN, J., concurs.
COPE, Judge (specially concurring).
I concur with all except the dicta contained in items (a) through (d) of footnote 1. The parties have not addressed any of those issues in this appeal.
NOTES
[1] The order below does not, as it could not to permit review under Rule 9.130(a)(3)(C)(iv), see Miami Columbus, Inc. v. Ramlawi, ___ So.2d 1378 [1996 WL 734498] (Fla. 3d DCA Case no. 95-1161, opinion filed, December 26, 1996), reach any issue of damages, particularly the vital one of whether the carrier is entitled to recovery, in addition to the $85,000 for the fraudulent claim, also of the $1,100,000 paid for indisputably covered and untainted losses. Applying the rule that such issues are better first resolved by the trial court, see Mendes v. Dowelanco Indus. LTDA., 651 So.2d 776, 779 n. 2 (Fla.3d DCA 1995); City of Coral Gables, v. Puiggros, 376 So.2d 281 (Fla.3d DCA 1979), we do not now decide this question. We do point out, however, its resolution may involve such factors as (a) whether, as a matter of policy interpretation, see Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla. 1975), structure and contents coverage is severable from the living expenses claim so that the fraud may be attributed only to the latter, compare, e.g., Kerr v. State Farm Fire & Casualty Co., 731 F.2d 227 (4th Cir.1984) (applying rule of severability); Claxton v. Fidelity & guaranty Fire Corp., 179 Miss. 556, 175 So. 210 (1937)(same); Johnson v. South State Ins. Co., 288 S.C. 239, 341 S.E.2d 793 (1986)(same); Tempelis v. Aetna Casualty & Surety Co., 169 Wis.2d 1, 485 N.W.2d 217 (1992)(same) with, e.g., Long v. Insurance Co. of N. America, 670 F.2d 930 (10th Cir.1982)(holding that all coverages are voided by fraud in claim process); Home Ins. Co. v. Hardin, 528 S.W.2d 723 (Ky.1975)(same); Dale v. Iowa Mutual Ins. Co., 40 N.C. App. 715, 254 S.E.2d 41 (1979), (same), review denied, 297 N.C. 609, 257 S.E.2d 217 (1979); (b) whether, because, unlike most of the cited cases which are insureds' claims on the policies, this case is for rescission of the entire contract, the $85,000 fraud may be considered a "material or substantial" breach in light of all the amounts involved, so as to justify that arguably harsh remedy, Gittlin Cos., Inc. v. David & Dash, Inc., 390 So.2d 86, 86 (Fla. 3d DCA 1980); see Cenal v. Jaramillo, 576 So.2d 418 (Fla. 3d DCA 1991); (c) whether rescission requires that the premium be first refunded or proffered, First Nat'l Fire Ins. Co. v. Burnett, 79 Fla. 424, 84 So. 382 (1920), or whether it may be deducted from the amount the insured must return to the carrier; and (d) whether the argument that anything less than complete forfeiture would render the antifraud provision "virtually worthless" because the malefactor would "at worst be compelled to disgorge" only what he had fraudulently received, see Chaachou, 241 F.2d at 892-93, is appropriately answered by permitting, instead of total rescission, claims by the carrier for treble damages for theft, see §§ 772.101-.19, Fla. Stat. (1995), or for punitive damages.
[2] Including any appropriate amendment of the pleadings which may be necessary to reflect the issues suggested in note 1.