703 So.2d 1190 (1997)
AMERICAN RELIANCE INSURANCE COMPANY, Appellant,
v.
KIET INVESTMENTS, INC., et al., Appellees.
Nos. 97-1745, 96-3182.
District Court of Appeal of Florida, Third District.
December 24, 1997.
Rehearing Denied January 28, 1998.
Adorno & Zeder and Raoul G. Cantero, III, and William S. Berk, Coconut Grove, for appellant.
Angones, Hunter, McClure, Lynch & Williams, Miami; Rene Navarro, Coral Gables, for appellees.
Before GERSTEN, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
American Reliance Insurance Co. ["ARI"] appeals a final judgment entered by the trial court after denying ARI's motion to amend its answer and affirmative defenses to assert coverage defenses. We reverse.
Kiet Investments, Inc., and the other appellee companies (collectively "insureds"), owned seventeen commercial properties insured by ARI under one policy. ARI paid 1.2 million dollars on claims submitted for damage caused by Hurricane Andrew. Insureds filed a supplemental claim on its 250 Catalonia property and requested an appraisal. One month later insureds sued ARI seeking damages for breach of contract and bad faith. ARI removed the case to federal court and moved to compel appraisal. The insureds agreed to an appraisal of all the properties if ARI would bring the case back to state court. An umpire entered an award on the Catalonia property. The insureds then filed claims on two other properties.
Thereafter, upon visiting the properties, ARI suspected that the claims were fraudulent. ARI moved to stay the appraisal. The motion was denied, but the court allowed ARI to examine the insureds under oath. The insureds were not available for and did not make their agent available for the examination until four months later. By the time the examination was conducted an arbitration award was entered for the insureds on the remaining properties.
The examination confirmed ARI's suspicions of fraud. ARI moved to amend its answer to raise defenses of fraud, concealment and failure to cooperate. After an evidentiary hearing, the court denied the motion, confirmed the award and entered judgment for the insureds. ARI appealed.
*1191 The threshold issue in this case is whether ARI's arbitration request effected a waiver of its coverage defenses. There are several factors that merit clarification to place this case in the proper context for the appeal. The trial court did not have the benefit of this court's opinion in Paradise Plaza Condo. Ass'n, Inc. v. Reinsurance Corp. of New York, 685 So.2d 937 (Fla. 3d DCA 1996)(en banc), prior to the evidentiary hearing or the rendition of the final judgment. ARI correctly asserts on appeal that Paradise Plaza resolved the issue, and that it did not waive its coverage defenses.
This court reasoned in Paradise Plaza that arbitration of a loss amount does not affect the determination of whether coverage lies.
Both in the policy and in the subsequent submission to the appraisers the liability of the insurers was expressly excepted and reserved from the consideration of said arbitrators. The naked question submitted to them was: What is the amount of the damage here? Whether the insurers were legally liable, or obligated to pay that loss, was not submitted to them, and did not enter into their sphere of inquiry, nor into their award, and depended upon the settlement of divers other independent circumstances and conditions growing out of the contract between the parties.

Paradise Plaza, 685 So.2d at 940 (quoting Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 248-49, 10 So. 297, 303 (1891)). As in this case, the arbitration process does not affect the court's ability to determine the availability of coverage.[1]
Additionally, as this court held in Wong Ken v. State Farm Fire & Cas. Co., 685 So.2d 1002 (Fla. 3d DCA 1997), clauses voiding coverage for intentional misrepresentations and fraud in the claims process are valid and enforceable. That is precisely the allegation ARI seeks to raise here, i.e., that the insureds' misrepresentations in making the claim rendered the policy void.
It is unassailable that alternative dispute resolution proceedings should be upheld. Nothing we hold today alters this edict. However, both Paradise Plaza, and Wong Ken offer strong pronouncements from this court that insurers are not bound to provide coverage in the event of fraudulent claims. We reassert that cardinal principle.
Based on the foregoing, we reverse the final judgment and judgment awarding pre-judgment interest, and remand with instructions to grant ARI's motion to amend and entertain further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] As this language demonstrates, nothing in the opinion alters the arbitration award. That award is not at issue here. As correctly stated in ARI's Reply Brief, p. 2, "ARI accepted the appraisal award's determination of the amount of the loss. The new defenses ARI sought to assert did not argue that the amount of the loss should have been different[.]"