711 So.2d 593 (1998)
PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, Appellant,
v.
The SUNRISE CLUB, INC., a Florida Corporation, Sundale, Ltd., a Florida limited partnership, Associated American Development Corporation, Philip Scutieri, Jr., Trustee, and Sunrise Management Company, a Florida Corporation, Appellees.
The SUNRISE CLUB, INC., a Florida Corporation, Sundale, Ltd., a Florida limited partnership, Associated American Development Corporation, Philip Scutieri, Jr., Trustee, and Sunrise Management Company, a Florida Corporation, Appellants,
v.
PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, Appellee.
The SUNRISE CLUB, INC., a Florida Corporation, Sundale, Ltd., a Florida limited partnership, Associated American Development Corporation, Philip Scutieri, Jr., Trustee, and Sunrise Management Company, a Florida Corporation, Appellants,
v.
PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, Appellee.
Nos. 97-329, 96-3080 and 96-3081.
District Court of Appeal of Florida, Third District.
April 22, 1998.
Rehearing Denied June 10, 1998.
Elizabeth K. Russo and Kimberly L. Boldt, Coconut Grove, for The Sunrise Club, Inc., et al.
Powers, McNalis, Moody & Groelle and Daniel M. McNalis, Lake Worth; Morrison, Mahoney & Miller and Charles R. Tuffley and Jeffrey R. Learned, Southfield, Michigan, for Pennsylvania Lumbermens Mutual Insurance Co.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
SCHWARTZ, Chief Judge.
The plaintiffs-insureds appeal from an adverse judgment rendered on a general jury verdict for the defendant carrier in an action claiming additional insured damages allegedly caused by Hurricane Andrew. In a separate appeal, the carrier challenges the denial of its claim for attorney's fees.

*594 I.
The insureds' primary claim is that the trial court erred in failing to grant a new trial on the ground that the verdict for the carrier was contrary to the manifest weight of the evidence. We cannot agree. The carrier defended this cause on the separate grounds that the insureds had sustained no recoverable loss beyond $513,000.00 which had been voluntarily paid, and that recovery was barred altogether because of their fraud in the claim process. See American Reliance Ins. Co. v. Kiet Invs., Inc., 703 So.2d 1190 (Fla. 3d DCA 1997); Wong Ken v. State Farm Fire & Cas. Co., 685 So.2d 1002 (Fla. 3d DCA 1997). Because the plaintiffs affirmatively and successfully resisted a special jury interrogatory which would have separated these issues, the insureds can win on this point only if neither possible finding against them is supported by the record. See Barth v. Khubani, 705 So.2d 72 (Fla. 3d DCA 1997). In fact, there is ample evidence to justify an adverse verdict as to both. See Dennies Contracting Co. v. Hersh, 702 So.2d 1381 (Fla. 3d DCA 1997); Wong Ken, 685 So.2d at 1002; Espino v. Anez, 665 So.2d 1080 (Fla. 3d DCA 1995); Nuta v. Genders, 617 So.2d 329 (Fla. 3d DCA 1993); Hirsch v. Mount Sinai Medical Ctr., Inc., 458 So.2d 6 (Fla. 3d DCA 1984).
There is also no merit in the claim that the trial court should have permitted a post-verdict jury interview. See Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97 (Fla. 1991); Travelers Ins. Co. v. Jackson, 610 So.2d 680 (Fla. 5th DCA 1992); Life From the Sea, Inc. v. Levy, 502 So.2d 473 (Fla. 3d DCA), review denied, 509 So.2d 1118, 1119 (Fla.1987). The judgment for the carrier on appeal in case numbers 96-3080 and 96-3081 is therefore affirmed.

II.
Turning to the insurer's separate appeal in case number 97-329, we reverse the denial of attorney's fees claimed under section 768.79, Florida Statutes (1997). During the litigation, the insurance carrier made a properly structured offer to settle the case for $300,000.00. It is clear as a matter of lawconsidered in the light of all of the surrounding circumstances, particularly the relative strength of the respective parties' cases and the fact that the proposal in essence included foregoing the very arguable right to a return of the amounts the company had previously paid, see Wong Ken, 685 So.2d at 1004 n. 1that the $300,000.00 offer was made "in good faith" within the meaning of the statute. State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997); Eagleman v. Eagleman, 673 So.2d 946 (Fla. 4th DCA 1996); Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993); Bridges v. Newton, 556 So.2d 1170 (Fla. 3d DCA 1990); see also Peoples Gas Sys. v. Acme Gas Corp., 689 So.2d 292 (Fla. 3d DCA 1997); Lennar Corp. v. Muskat, 595 So.2d 968, 968 n. 1 (Fla. 3d DCA), review denied, 606 So.2d 1165 (Fla.1992). Since the other prerequisites of recovery under the statute are admittedly present, this holding requires that, on remand, appropriate fees incurred subsequent to the rejection of the offer be awarded the carrier.
Affirmed in part; reversed in part and remanded.