RAMIREZ, J.
Edson Lopes appeals from a Final Judgment after a defense jury verdict and from the trial court’s order denying his motion for judgment in accordance with Lopes’ prior motion for directed verdict. We affirm because the jury’s verdict finding that Lopes materially misrepresented or concealed material facts in reporting the claim was supported by evidence.
On April 9, 2000, Lopes drove his 1999 Ferrari 550 Maranello in a parade at Homestead Speedway when he lost control of his car and crashed it against a retaining wall. Lopes had been allowed on the track as part of a promotion called the “Ferrari Challenge.” Ralueia Silva, Lopes’ girlfriend, called Allstate to report the claim, stating that she was driving on a public street when she had the accident.[1] Lopes knew that his girlfriend lied to Allstate about how the accident occurred.
As part of its investigation, Allstate took a statement from Ms. Silva on May 23, 2000, in which she swore that she was driving the car at the time of the accident, exiting the Florida Turnpike near Campbell Drive in Homestead, when she lost control of the car, hit a median and ended up near a pond or lake. She swore that no police were summoned to the scene and there was no police report. Upon investigation, Allstate discovered that there was no median where Ms. Silva stated the accident occurred, nor was there a pond or lake in the area. The carrier subsequently spoke with Ms. Silva on the telephone a number of times.
In August of 2000, Lopes hired an attorney to adjust his claim with Allstate. It was not until November 2, 2000, that Lopes finally corrected his misrepresentation and told Allstate that he was driving the car at the time of the accident in question and that the accident had occurred in the race track.
Allstate denied the claim, stating that the car was in a prohibited race and that the circumstances had been initially falsified. Lopes sued Allstate under the automobile collision insurance policy provision for damages resulting from Lopes’ one-car accident. Allstate answered that the events that led to the auto accident were actions which were specifically excluded under the language of the insurance policy. The policy issued to Lopes states, in its “Fraud or Misrepresentation” clause, that “Allstate will not provide coverage for any loss which occurs in connection with any material misrepresentation, fraud, or concealment of material facts.” There is also another separate clause in the subject policy, titled “Assistance and Cooperation,” which states that “[a]n insured person must cooperate with us in the investigation, settlement and defense of any claim or lawsuit.”
At trial, the jury was presented with two issues: 1) whether Lopes was involved in a loss “arising out of any prearranged or organized racing or speed contest or in practice or preparation for any contest of this type”; and 2) whether there was “any material misrepresentation or concealment of material facts in reporting the claim of April 9, 2000.” The insurance policy provided for the denial of a claim based on the occurrence of either of these two events.
Lopes argued in his motion for a directed verdict that the issue regarding the misrepresentation turned on whether the misrepresentation prejudiced Allstate. He argued that in a one-car accident such as his where the insured has collision insur- *346 anee coverage, the location of the accident did not matter. He further contended that Allstate could not have been prejudiced by the initially false but later cured misrepresentation.
Both the race and misrepresentation issues were submitted to the jury, which jury returned a verdict finding that the loss did not arise out of any prearranged or organized racing or speed contest. The jury did find, however, that there had been a material misrepresentation or concealment of material facts in the reporting of the claim by Lopes.
Lopes now contends that the trial court erred in failing to direct a verdict that Lopes’ misrepresentation of fact to Allstate, about how the accident occurred, was not legally material to the existence of coverage. He also contends that the burden was on Allstate to prove that it was substantially prejudiced by his claimed breach of the insurance policy’s cooperation clause.
Allstate answers that the trial court did not err because, under Florida law, if there is a willful false statement of material fact, there is no requirement that an insurer show prejudicial reliance in order to enforce the contract provision. Allstate contends that the question of whether an insured has made a material misrepresentation is a question for the jury. We agree with Allstate that the trial court was correct in entering final judgment in its favor and in denying Lopes’ renewed motion for directed verdict.
When reviewing a trial court’s refusal to enter a directed verdict, an appellate court must review the evidence and all inferences of fact in the light most favorable to the non-moving party. See Anesthesiology Critical Care & Pain Mgmt. Consultants, P.A. v. Kretzer, 802 So.2d 346, 351 (Fla. 4th DCA 2001). A denial of a motion for directed verdict should be reversed only when there is no evidence upon which a jury could properly rely in reaching its verdict. Id.
First, as previously discussed, the subject policy contained a provision whereby Allstate stated it would not provide coverage for any loss which occurred in connection with any material misrepresentation, fraud or concealment of material facts.[2] This policy provision is fully enforceable in Florida. See Schneer v. Allstate Indem. Co., 767 So.2d 485, 489 (Fla. 3d DCA 2000) (insureds’ fraudulent misrepresentations as to their contents claim voided their homeowner’s policy in its entirety and thus voided the dwelling coverage); Valdez v. Consolidated Prop. and Cas., 762 So.2d 1034 (Fla. 3d DCA 2000) (final judgment voiding insured’s insurance policy affirmed where insurance policy contained a valid provision voiding the policy upon intentional concealment or misrepresentation by the insured); American Reliance Ins. Co. v. Kiet Invs., Inc., 703 So.2d 1190 (Fla. 3d DCA 1997) (clauses voiding coverage for intentional misrepresentations and fraud in claims process are valid and enforceable); Wong Ken v. State Farm Fire & Cas. Co., 685 So.2d 1002, 1003 (Fla. 3d DCA 1997) (“[t]he clause which voids coverage if the insured makes an intentional misrepresentation ‘after a loss’ — that is, as here, in making a claim— is valid and enforceable”) (citation omitted); American Employers’ Ins. Co. v. Taylor, 476 So.2d 281 (Fla. 1st DCA 1985) *347 (jury verdict for insurance company affirmed based on misrepresentations made by the insured in the claims process).
In addition, under Florida law, if there is a willful false statement of a material fact, there is no requirement that an insurer show prejudicial reliance in order to enforce the contract provision. See Prudential Ins. Co. v. Whittington, 98 So.2d 382, 388 (Fla. 2d DCA 1957); Michigan Millers Mut. Ins. Corp. v. Benfield, 140 F.3d 915 (11th Cir.1998) (in a case involving the application of Florida law to a declaratory judgment action by an insurer where the insured made misrepresentations during the investigation of a claim, the district court directed a verdict for the insurer, stating the insurer was not required to demonstrate that it relied on the insured’s misrepresentations when a asserting a policy defense based on fraud; the insured perpetrating a material fraud in pursuing an insurance claim was sufficient). The public policy rationale behind such cases being that if there is no consequence when a policyholder makes a false representation to his or her insurance company, the policy provision would be rendered meaningless, which would be inconsistent with the principle that every provision in a contract is to be given meaning and effect. See American Employers’ Ins. Co., 476 So.2d at 284.
Second, Lopes’ position that Allstate should not have had the right to have a jury determine the material misrepresentation issue because he eventually corrected his false statement after he made it is without merit. The question of whether an insured has made a material misrepresentation is a question for the jury to determine. See Haiman v. Federal Ins. Co., 798 So.2d 811 (Fla. 4th DCA 2001). Consequently, it would have been an error for the trial court to direct a verdict and not submit the issue to the jury.
Lopes cites Flores v. Allstate Ins. Co., 819 So.2d 740 (Fla.2002) in support of his position. The issue in Flores was whether the insured’s submission of a fraudulent bill under the personal injury protection (PIP) portion of an automobile liability policy voided the insured’s right to claim uninsured motorist (UM) benefits under the policy even where no fraud occurred in connection with the UM claim. Thus, we find Flores distinguishable and inapplicable here. As the Florida Supreme Court in Flores concluded, Schneer and Wong Ken, supra, did not address the issue presented in Flores because the policies in Schneer and Wong Ken were homeowners’ policies containing clear language that the policy would be void for fraud or misrepresentation whether the fraud occurred before or after the loss. Flores, 819 So.2d at 747.
In this case, the false information was provided by Lopes’ girlfriend in May 2000. Lopes did not come forth with the correct information until November 2000. During this time, Allstate spent approximately seven months investigating the case and eventually discovered that Lopes had lied. The trial court correctly submitted the issue to the jury, and the jury found that Lopes made a material misrepresentation or material concealment of facts in reporting his claim. The court properly held that the jury’s determination that the insured made a material misrepresentation precluded his claim from coverage. Accordingly, the trial court correctly entered Final Judgment for Allstate and denied Lopes’ motion for judgment in accordance with his prior motion for directed verdict.
Affirmed.

. Silva was a plaintiff, but at trial, was dropped as a party.

. We agree with Allstate that this case deals with the policy’s fraud and misrepresentation clause, and not its cooperation clause. The cases cited by Lopes involve breaches of cooperation clauses. In addition, the cases cited by Lopes are also distinguishable because they are from states that require an insurer to show prejudice when an insured commits a fraud or makes a material misrepresentation.