# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2261
Lower Tribunal No. 12-24244
_____


**Jose Alvarez and Hilda Alvarez,**

Appellants/Cross-Appellees,

vs.

**State Farm Florida Insurance Company,**

Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Pedro Echarte Jr., Judge.

Alvarez, Feltman & DaSilva, PL, and Brian C. Costa and Paul B. Feltman, for appellants/cross-appellees.

Law Office of Ubaldo J. Perez, Jr., P.A.; Russo Appellate Firm, P.A., and Elizabeth K. Russo, for appellee/cross-appellant.


Before EMAS, C.J., and LOGUE and HENDON, JJ.

HENDON, J.

Jose Alvarez and Hilda Alvarez ("Homeowners") seek to reverse the final judgment in favor of State Farm Florida Insurance Company ("State Farm") with no entitlement to damages, and the subsequent order denying their motion to set aside the verdict and enter judgment in their favor, or to enter a judgment notwithstanding the verdict, or to grant them a new trial. We affirm.

In 2009, the Homeowners experienced kitchen drain problems. The plumber replaced and re-routed the kitchen drain line. The Homeowners continued to experience bathroom backups and made attempts to correct the drainage problems. In 2010, with the assistance of a public adjuster, the Homeowners filed a claim with Appellee State Farm on their all-risk policy. State Farm's claim representative investigated and denied coverage in part based on the Homeowners' statement that the toilets had not overflowed, that they had the kitchen drain lines repaired, and there was no water damage to the interior of their home. State Farm reported finding no accidental direct physical loss, thus no covered claim, and sent two letters in November 2010 and April 2011 confirming denial of coverage to the Homeowners. The denial of coverage letters noted that the Homeowners were not claiming any direct water damage loss inside the house. The Homeowners did not seek to appeal the decision or contradict the letters of denial.

In March of 2012, the Homeowners' public adjuster sent State Farm a sworn proof of loss signed by the Homeowners asserting that a water damage loss

occurred in 2009, and attesting to loss in the amount of $82,967.92. State Farm's claim reviewer noted that the 2009-10 inspector's report indicated no interior water damage, just slow toilets and a repaired kitchen J-pipe and drainage. In 2013, State Farm conducted an extensive re-inspection of the Homeowners' home and found nothing to indicate water damage, except a small warping of one lower cabinet toe-kick, attributed not to water damage but to improper installation.

The Homeowners filed a complaint against State Farm for breach of contract. State Farm answered, citing policy exclusions, and the defense that the Homeowners had made material misrepresentations in pursuing their claim relating to the scope and amount of loss claimed. In response to the Homeowners' motion for summary judgment on coverage, the trial court entered an order granting the Homeowners' motion for partial summary judgment (identifying the issue as one of "liability," rather than "coverage") and reserved only the question of damages for the jury. Upon the original trial judge's retirement, a successor judge was appointed to the case. The successor judge denied the Homeowners' motion for summary judgment on State Farm's misrepresentation defense, allowing that issue to proceed to trial. Discovery included reports from the original 2010 insurance inspection, as well as proof that the Homeowners had made application to Citizens for homeowners insurance certifying the home had no existing damage, in direct contradiction to their sworn proof of loss to State Farm.

At trial, the successor judge ruled that the case would proceed on the issue of damages and the issue of material misrepresentation.[1]   The verdict form asked the jury to determine whether the Homeowners made a material misrepresentation

---

[1] The jury instructions provided:

Both parties agree that Plaintiffs, Jose Alvarez and Hilda Alvarez, and Defendant, State Farm Florida Insurance Company, entered into a contract wherein plaintiff agreed to pay premiums to defendant, and defendant agreed to insure plaintiffs' home against damage.

The Court has already determined that coverage exists under State Farm's policy of insurance. State Farm's remaining defense is that plaintiffs have made material misrepresentations regarding the scope and amount of loss. Overestimating the value, a mistake, or inadvertence is not sufficient to void the policy. **The jury must decide whether plaintiffs made material misrepresentations of fact sufficient to void the policy. If not, then the jury is to determine the amount that the defendant must pay.**

. . . .

On Defendant's, State Farm's defense, the issue for your determination is whether plaintiffs violated the concealment or fraud condition of the policy. The policy provision pertinent to this defense states as follows.

Section 1 and section 2 conditions, No. 2, Concealment or Fraud. The policy is void as to you and any other insured if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss. If you find for Defendant, State Farm, on this defense, then your verdict will be for State Farm and against plaintiffs.

However, if the greater weight of the evidence does not support State Farm's defense and does … support the claim of plaintiffs, your verdict should be for plaintiffs and against State Farm[.] (emphasis added).

to State Farm "by exaggerating the extent of the loss" and how much damages should be awarded. During their deliberations, the jury asked the trial court the following question: "If we decide the plaintiff made a material misrepresentation, can we still give plaintiff compensation?" The court advised the jury, "[i]n answer to your question, be advised that I have given you all the law that applies to this case." The jury ultimately found that yes, the Homeowners had materially misrepresented the facts, and awarded the Homeowners $6,000 (the amount State Farm's plumber testified the kitchen drain repairs would cost).

State Farm filed a motion for final judgment with no entitlement to damages. The Homeowners filed a motion to set aside the verdict and to enter JNOV. The trial court granted State Farm's motion and denied the Homeowners' motion. This appeal followed.

Analysis.

The State Farm insurance policy on the Homeowners' dwelling contained a valid provision voiding the policy upon material misrepresentation of fact by the insured. The jury found that the Homeowners violated that provision by making material misrepresentations of fact in their claim to State Farm. The fact that the jury proceeded to award damages does not alter the outcome on appeal. As a matter of law, the finding of material misrepresentation voids coverage for the claim. See Schneer v. Allstate Indem. Co., 767 So. 2d 485, 489 (Fla. 3d DCA

5

2000) (holding that an insureds' fraudulent misrepresentations as to their contents claim voided their homeowner's policy in its entirety and thus voided the dwelling coverage); Valdez v. Consolidated Prop. & Cas., 762 So. 2d 1034 (Fla. 3d DCA 2000) (affirming final judgment voiding insured's insurance policy where insurance policy contained a valid provision voiding the policy upon intentional concealment or misrepresentation by the insured); Am. Reliance Ins. Co. v. Kiet Invs., Inc., 703 So. 2d 1190 (Fla. 3d DCA 1997) (holding that clauses voiding coverage for intentional misrepresentations and fraud in claims process are valid and enforceable); Wong Ken v. State Farm Fire & Cas. Co., 685 So. 2d 1002, 1003 (Fla. 3d DCA 1997) ("[T]he clause which voids coverage if the insured makes an intentional misrepresentation 'after a loss'-that is, as here, in making a claim-is valid and enforceable.") (citation omitted).

We find the Homeowners' argument that the jury rendered a "compromised" verdict to be without merit. During the trial, the Homeowners insisted that both the misrepresentation and damages questions be put on the verdict form for the jury to determine.[2]  The verdict form presented the jury with both issues, as follows:

> 1. Did the Defendant prove, by the greater weight of the evidence, that
> Plaintiffs intentionally and materially misrepresented the extent of the

---

[2] State Farm asked for an instruction to be included on the verdict form that would have told the jury to skip the damages question if the jury found that the Homeowners had intentionally misrepresented material facts.  The trial court used the verdict form without that proposed instruction.

loss such that no other conclusion can be drawn than that a purposeful misrepresentation was intended? YES _____ NO _____

(to which the jury answered YES)

And,

2. What amount of money do you find, by the greater weight of the evidence, will compensate Plaintiff for damages arising from their claim? Answer in dollars and cents: _____

(to which the jury answered $6,000.00).

The jury dutifully answered both questions and the Homeowners did not raise any inconsistency objection. The Homeowners cannot now complain of a "compromise" error in obtaining the damages answer in the face of a verdict finding that the Homeowners materially misrepresented facts in their claim to State Farm. See Baker v. R.J. Reynolds Tobacco Co., 158 So. 3d 732, 739 (Fla. 4th DCA 2015) (holding plaintiff's failure to object prevents revisiting the jury verdict because the jury cannot be faulted for doing exactly what it was instructed to do); see also Plana v. Sainz, 990 So. 2d 554, 557 (Fla. 3d DCA 2008); Beverly Health & Rehab. Servs., Inc. v. Freeman, 709 So. 2d 549, 551 (Fla. 2d DCA 1998) (holding that plaintiff waived error by agreeing to the verdict form).

The trial court properly determined as a matter of law that the jury's verdict finding material misrepresentation voided the Homeowners' coverage for the claimed loss, and correctly rendered judgment in favor of State Farm with no

entitlement to damages.  Because we find no error, we have no need to address State Farm's cross-appeal.  We therefore affirm the final judgment.

Affirmed.