501 So.2d 644 (1986)
Edith HIGGS, As Personal Representative of the Estate of Barbara Higgs, for and On Behalf of Carmen Higgs, Cindy Higgs, and Angela Patterson, Minor Survivors of the Deceased, Barbara Higgs, Appellant/Cross-Appellee,
v.
INDUSTRIAL FIRE & CASUALTY INSURANCE COMPANY, Appellee/Cross-Appellant.
Nos. 85-1372, 85-1618.
District Court of Appeal of Florida, Third District.
December 30, 1986.
Rehearing Denied February 24, 1987.
*645 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Ratiner & Glinn, P.A., Miami, for appellant/cross-appellee.
Fazio, Dawson, DiSalvo & Cannon and Marcia E. Levine, Fort Lauderdale, for appellee/cross-appellant.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal by Edith Higgs from an adverse final judgment entered pursuant to a jury verdict in favor of Industrial Fire & Casualty Insurance Company in an automobile liability insurance case. Industrial cross-appeals the trial court's failure to direct a verdict in its favor. Because the trial court erred in not permitting the jury to pass on the validity of Higgs' claim of insurer's bad faith on the part of Industrial, we reverse the judgment under review.
The decedent, Barbara Higgs, was fatally injured by an automobile driven by Sidney Jones who was insured by Industrial. The parties agreed to a settlement for Jones' policy limit of $10,000. Despite the agreement and Higgs' request for payment, Industrial delayed forwarding payment. As a result, Higgs instituted a wrongful death action against Jones and Industrial. The jury returned a verdict in favor of Higgs for $187,820, and the trial court entered judgment against Jones and Industrial for this amount. Jones subsequently assigned to Higgs any potential action he might bring against Industrial. Higgs then filed the action for bad faith which forms the basis of this appeal.
At trial on the bad faith action, the court limited the jury's consideration to the sole issue of "whether Industrial Fire and Casualty Insurance Company failed to settle the claim of Edith Higgs against Sidney Jones within the policy limit." Despite Higgs' specific request that the jury be instructed according to Florida Standard Jury Instruction MI 3.1 regarding "Insurer's Bad Faith,"[1] the court refused to instruct the jury on the issue of whether Industrial had demonstrated bad faith through its failure to deliver the settlement draft on time. Reviewing only the narrow question posed by the court, the jury returned a verdict in favor of Industrial. The trial court entered final judgment in accordance with the verdict.
We find error in the trial court's refusal to allow the jury to consider the bad faith allegation against Industrial and, thus, we reverse the judgment. "Bad faith in a factual situation of this kind is not a matter of law but is a question of fact for the jury." Campbell v. Government Employees Ins. Co., 306 So.2d 525, 530 (Fla. 1974). See also Shook v. Allstate Ins. Co., 498 So.2d 498 (Fla. 4th DCA 1986) (case remanded for trial on issues of reasonableness of settlement and bad faith of insurer). Higgs' complaint and posture at trial properly established the elements of a bad faith insurance action. See Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA 1982) (cause of action for bad faith exists where insured is legally obligated to pay judgment in excess of policy limits; because plaintiff had released insured, no action against the insurer could be maintained).
Moreover, an insured such as Jones may validly assign to a third party such as Edith Higgs the right to pursue the insured's *646 bad faith claim against his insurer. Id. at 904. See also Fidelity & Casualty Co. v. Cope, 462 So.2d 459 (Fla. 1985) (third party may not bring a bad faith action against a driver's insurer in situation where the excess judgment has been satisfied and no assignment has been made prior to satisfaction). In both Cope and Kelly the insurance carriers tendered their insurance limits. Here the judgment has not been satisfied by either Jones or Industrial. Jones' pre-satisfaction assignment to Higgs places Higgs in Jones' stead in the bad faith claim against Industrial.
Our conclusion that the trial court erred in totally confining the jury's consideration to the issue of settlement obviates any need for us to review Industrial's claim on cross-appeal that the trial court should have directed a verdict in its favor.
Reversed and remanded.
NOTES
[1] Florida Standard Jury Instruction MI 3.1 provides, in relevant part:

INSURER'S BAD FAITH FAILURE TO SETTLE WITHIN POLICY LIMITS
The issue for your determination is whether (defendant) acted in bad faith in failing to settle the claim of (name) against (insured). An insurance company acts in bad faith in failing to settle a claim against its [policyholder] [insured] within its policy limits when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly toward its [policyholder] [insured] and with due regard for his interests.