656 So.2d 1335 (1995)
Leon Benjamin KING, Appellant,
v.
NATIONAL SECURITY FIRE AND CASUALTY COMPANY, Appellee.
No. 93-3632.
District Court of Appeal of Florida, Fourth District.
June 14, 1995.
Rehearing Denied July 28, 1995.
Richard W. Slawson of Slawson & Glick, Palm Beach Gardens, and Marjorie Gadarian *1336 Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellant.
Michael B. Davis of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Leon Benjamin King, brought this action against his insurer, National Security Fire and Casualty Company (hereinafter "National Security"), alleging that he was wrongfully damaged by the failure of National Security to settle within the policy limits ($10,000.00) certain claims against him growing out of an automobile accident. Appellant contends, among other things, that the trial court erred in instructing the jury pursuant to Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla. 1987). We agree and reverse and remand for a new trial. We affirm the other points on appeal.
National Security issued an automobile insurance policy to appellant which provided for bodily injury liability limits in the amount of $10,000.00 per occurrence. On March 28, 1986, appellant was involved in an automobile accident with Robert Dietch, Jr. National Security was timely notified of the accident and established a claim file on April 7, 1986.
National Security had a contractual agreement with GAB Business Services (hereinafter "GAB"), an independent adjusting firm, to investigate and handle all Florida claims for National Security. GAB, as the agent for National Security, made two attempts to settle the claims between Dietch and appellant. As part of the second attempt to settle, National Security sent the settlement check to GAB, the independent adjuster, to effectuate the settlement. There was a delay in forwarding the settlement check to the law firm representing Dietch because GAB could not locate the claim file for approximately three weeks. National Security did not become aware of the delay until June 26, 1989, when a secretary from the law firm representing Dietch called asking why the settlement draft had not yet been received.
On July 10, 1989, Dietch filed suit against appellant. National Security hired a lawyer to defend appellant and liability was admitted. The case proceeded to trial on the damages issue and the jury returned a verdict in favor of Dietch for $650,000.00 and after a $15,000.00 set off, a judgment for $635,000.00 plus interest and costs was entered against appellant. National Security paid its limits in partial satisfaction of the judgment.
Appellant filed this action against National Security to recover damages sustained as a result of National Security's bad faith in failing to settle Dietch's claim against him. At trial, Vaccaro, the paralegal from Dietch's law firm, testified about various telephone messages he received from GAB's adjuster. Vaccaro testified that the firm's telephone message books which recorded all phone messages were routinely discarded by the firm after a year's time and were thus unavailable. National Security argued that the telephone message slips were destroyed and likely to be critical evidence to support their claim that Dietch and Dietch's counsel were interested not in a settlement of the claim against appellant but in contriving a bad faith claim against National Security. Based on the missing telephone logs, the trial court, over appellant's objection, instructed the jury pursuant to Valcin. The jury returned a verdict for National Security. This appeal followed.
We first address the issue of whether the trial court erred in instructing the jury pursuant to Valcin. In Valcin, the supreme court held that the missing medical records in the medical malpractice case created a rebuttable presumption of negligence. The supreme court stressed the limited function of the presumption stating:
It should apply only when necessary to serve the purposes of justice. In other words, a plaintiff must first establish to the satisfaction of the court that the absence of the records hinders his ability to establish a prima facie case.
....
The presumption, shifting the burden of producing the evidence, is given life only to equalize the parties respective positions in regard to the evidence and to allow the plaintiff to proceed.
*1337 507 So.2d at 599-600. The Valcin court noted that the presumption "is given life only to equalize the parties' respective positions in regard to the evidence and to allow the plaintiff to proceed." Valcin, 507 So.2d at 599-600.
National Security asserted at the trial level that the law firm representing Dietch destroyed telephone message books knowing that the evidence of the phone calls was critical evidence. Pursuant to Valcin, the jury was instructed that
The destruction of documents gives rise to a legal presumption that such documents would be unfavorable to the person who destroyed them. It is not, however, a conclusive presumption. If you find that documents were destroyed, you may consider that fact in determining the believability of that person.
The trial court erred in giving the Valcin instruction which improperly shifted the burden to appellant to prove that he was not negligent in failing to make a record of phone conversations to which he was not a party. Here, the telephone message slips that are alleged to be destroyed were not in appellant's control. The law firm representing Dietch was not a party to the action. National Security also did not demonstrate that the telephone message slips were so essential to the defense that it could not proceed without the evidence. National Security simply did not establish that the absence of such records hindered their ability to put forth their defense and the trial court abused its discretion in instructing the jury pursuant to Valcin.
Moreover, the giving of this instruction was prejudicial to appellant as it diverted the jury's attention to a case between National Security and the law firm representing Dietch. In closing argument, National Security's counsel stated that:
Lawyers have a duty to preserve evidence, even if it's unfavorable to their client, whenever they have reason to believe that a lawsuit might be coming in the future. They had already threatened to sue GAB and National Security for bad faith. And what did they do with their phone books? They took it and they threw it in the garbage because they didn't want you to see that phone book because they knew what it would prove. They knew it would prove that in an attempt to string this thing along and make it look like delay was the problem, he had to duck three separate calls from Mr. Heldreth that told him what he was calling about.
....
The presumption is that when you destroy evidence it's unfavorable to you. These folks have not presented one shred of evidence, not one word from any witness to try to overcome that legal presumption that his honor is going to instruct you upon. That evidence was thrown away and destroyed was done so because it would have been still further proof of their true intent to set a trap, to play a set-up game against National Security to not settle this case.
These comments combined with the improper instruction cannot be considered harmless error.
As to the other points on appeal, we affirm. Based on the facts of this case, it was in the providence of the jury to decide if there was bad faith on the part of National Security in failing to deliver the settlement check on time. Campbell v. Government Employees Ins. Co., 306 So.2d 525, 529 (Fla. 1974); Higgs v. Industrial Fire & Casualty Ins. Co., 501 So.2d 644, 645 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 298 (Fla. 1987); Thomas v. Lumbermen's Mut. Casualty Co., 424 So.2d 36, 38 (Fla. 3d DCA 1982). Similarly, the question of National Security's failure to advise appellant of the second settlement opportunity even if properly preserved below, was an issue for the jury based on the conflicting facts presented in the case. Campbell, 306 So.2d at 529; Higgs, 501 So.2d at 645; Thomas, 424 So.2d at 38. Therefore, the trial court correctly denied appellant's motion for directed verdict.
The jury was also properly instructed on bad faith pursuant to Florida Standard Jury Instruction MI 3.1. This general instruction on bad faith was broad enough to include appellant's theory of bad faith for *1338 failure to timely deliver the settlement check. While an additional jury instruction pursuant to Higgs may have been appropriate in this case, it is not reversible error to not include the more specific instruction. Finally, we do not condone the objectionable comments made by appellee's counsel and caution the parties that it is improper to impugn the integrity of a witness by calling him or her a liar. Kaas v. Atlas Chemical Co., 623 So.2d 525 (Fla. 3d DCA 1993).
We reverse and remand for a new trial based on the trial court's error in instructing the jury pursuant to Valcin. In addition, appellant's motion for attorney's fees based on section 627.428, Florida Statutes (1993), is granted contingent upon the rendition of a judgment or decree ultimately being entered in favor of appellant, the insured.
REVERSE AND REMAND.
HERSEY, FARMER and STEVENSON, JJ., concur.