802 So.2d 346 (2001)
ANESTHESIOLOGY CRITICAL CARE & PAIN MANAGEMENT CONSULTANTS, P.A., d/b/a St. Mary Anesthesia Associates, Appellant,
v.
Kathleen S. KRETZER, as parent and natural guardian of Amanda J. Kretzer, a minor, Appellee.
Nos. 4D00-2514, 4D00-2966.
District Court of Appeal of Florida, Fourth District.
October 3, 2001.
Rehearing Denied January 8, 2002.
*348 Mark Hicks and Dinah Stein of Hicks, Anderson & Kneale, P.A., Miami, for appellant.
Christopher M. Larmoyeux of Christopher M. Larmoyeux, P.L. and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellee.
SILVERMAN, SCOTT J., Associate Judge.
Defendant-appellant, Anesthesiology Critical Care and Pain Management Consultants, P.A. d/b/a St. Mary's Anesthesia Associates, appeals an adverse final judgment in a medical malpractice action. We reverse and remand.
Plaintiffs-appellees, Kathleen Kretzer, as parent and natural guardian of Amanda J. Kretzer, a minor, filed suit against appellant and The Edward and Lucille Kimmel Outpatient Surgical Center Limited Partnership (hereinafter "the Kimmel Center") seeking to recover damages arising from an injury the minor allegedly sustained as a result of medical care and treatment rendered by their respective employees. Specifically, appellees claimed that the minor developed temporomandibular joint dysfunction after appellant's employees administered anesthesia to her during sinus surgery and employees of the Kimmel Center monitored her recovery from the anesthesia.
Prior to the trial's commencement, the trial judge, pursuant to a motion in limine, ruled that appellees were entitled to a Valcin[1] rebuttable presumption of negligence against appellant and the Kimmel Center. Both defendants repeatedly voiced their opposition to the Valcin presumption, but their objections were repeatedly overruled before and during the trial. During both the opening and closing statements to the jury, appellees emphasized the Valcin presumption of negligence.
After just one day of trial, and after the admission of limited evidence, the Kimmel Center and appellees settled for the high end ($250,000) of a "high/low" agreement.[2] Pursuant to the agreement, the Kimmel Center admitted during the trial that it was partially responsible for appellees' injuries.
The jury returned a verdict in favor of appellees and against appellant and the Kimmel Center, finding the Kimmel Center *349 to be 80% liable for appellees' injuries and appellant to be 20% liable. In accordance with the verdict, the trial court entered a final judgment in favor of appellees and against appellant, in addition to entering a cost judgment against appellant. This appeal ensued.

The Valcin Presumption
In Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla.1987), the plaintiff's ability to proceed in her medical malpractice action against a hospital was hindered because the hospital could not produce the records of her surgical procedure. Without the production of those records, her expert was unable to give an opinion as to the hospital's negligence. The supreme court held that this problem could be solved through the use of rebuttable presumptions that could either shift the burden of producing evidence or the burden of proof. The court noted that "[r]ebuttable presumptions which shift the burden of proof are `expressions of social policy,' rather than mere procedural devices employed `to facilitate the determination of the particular action.'" Id. at 601 (quoting Caldwell v. Div. of Retirement, 372 So.2d 438, 440 (Fla.1979)).
The Valcin doctrine, as it is now called, is applied when, through the defendant's negligence, essential records are missing or inadequate, and such absence or inadequacy hinders the plaintiff's ability to establish a prima facie case. See id. at 599. In those instances, a rebuttable presumption of negligence is placed on the defendant. See id. Once the defendant introduces evidence tending to disprove the presumed fact, the jury then decides whether the evidence introduced is sufficient to meet the burden of proving that the presumed fact did not exist. See id. at 600-01 (quoting Caldwell, 372 So.2d at 440). The doctrine is applicable to those cases in which either primary or secondary evidence is lost, destroyed, or not maintained. See Rockwell Int'l Corp. v. Menzies, 561 So.2d 677, 681 (Fla. 3d DCA 1990)(The defendant's intentional destruction and loss of two bolts bore on the crucial question of the cause of the plaintiff's injuries and therefore entitled the plaintiff to a Valcin instruction. The plaintiff demonstrated a clear inability to proceed due to the destruction.).
The Valcin presumption is limited in its application. The supreme court cautioned, "The presumption, shifting the burden of producing the evidence, is given life only to equalize the parties' respective positions in regard to the evidence and to allow the plaintiff to proceed." Valcin, 507 So.2d at 599-600; accord King v. Nat'l Sec. Fire & Cas. Co., 656 So.2d 1335, 1337 (Fla. 4th DCA 1995), disapp'd on other grounds by Murphy v. Int'l Robotic Sys., Inc., 766 So.2d 1010, 1029 n. 21 (Fla.2000).[3]
In the present case, appellant contends that the trial court improperly applied the Valcin presumption because the only records allegedly missing related to a time period after the injury allegedly occurred. Further, even if the records were insufficient in regard to the care and treatment rendered by appellant's employees, they would have had no causal relationship to the procedure employed, and in no way hindered appellees' ability to establish a prima facie case.
*350 In support of its claims, appellant presented the testimony of the board-certified registered nurse anesthetist who administered the minor's anesthesia. Though she had no independent recollection of the procedure, she testified that based upon her review of the surgical notes there were no problems. Had there been any, she would have noted them. She further testified that the minor's extubation was conducted without any trauma or stress, and that it was simple and uneventful. Appellant also presented the testimony of the anesthesiologist. He, too, testified that the intubation was straightforward, routine, and without any trauma.
A board-certified anesthesiologist testified as an expert for appellant. He opined, after reviewing the operative chart, that there was no evidence of any trauma or temporomandibular joint injury during the surgery or before the minor was delivered to post-operative care. He further stated that the attending operative anesthesia personnel adequately charted the procedure and did not depart from the operative standard of care.
On the other hand, appellees assert that the operative records were inadequate because they failed to contain any information concerning the alleged injury. Appellees contend that the records, when taken as a whole, demonstrate an interesting failure to report anything adverse to appellant. Unlike appellant, appellees failed to present any evidence, expert or otherwise, to the court to support these claims.
The trial court nevertheless applied the Valcin presumption against both the Kimmel Center and appellant. It apparently concluded that the operative and post-operative notes were deficient because they failed to indicate any trauma to the minor.
After a careful review of the record, we note that the only evidence demonstrating a failure to adequately maintain records relates to the post-operative notes. The post-operative notes were the Kimmel Center's responsibility and were not appellant's responsibility. Further, the record in this case is completely devoid of any evidence, implied or otherwise, that supports appellees' characterization that appellant was engaged in "fraudulent record keeping" and "a concerted effort to `sanitize' the chart." Therefore, the trial court should not have applied the presumption against appellant.
In Valcin, the Florida Supreme Court further held that a presumption of negligence should not apply in situations such as the present case, where the alleged insufficient record does not bear on the issues at trial. The court stated, "[A] plaintiff must first establish to the satisfaction of the court that the absence of the records hinders his ability to establish a prima facie case." Id. at 599. The court continued:
We stress this point in order to avoid the potential problems involved in confusing the absence of the records with the true issues at trial. Negligence in failing to make or maintain medical records does not necessarily bear at all on the question of whether the medical procedure involved has been conducted negligently.
Id.
As this court and the other district courts have held, where a party seeking to apply Valcin does not show that the alleged missing records hindered its ability to establish a defense or a prima facie case, a Valcin instruction and presumption are reversible error. See King, 656 So.2d at 1337; Brown v. Sims, 538 So.2d 901, 908 (Fla. 3d DCA 1989)(Valcin instruction was error), quashed in part on other grounds, 574 So.2d 131 (Fla.1991).
*351 In Brown, the third district held, under similar facts, that the trial court erred when it used a Valcin presumption to shift the burden of proof to the defendant doctor. 538 So.2d at 908. The presumption placed the burden on the doctor to prove that he was not negligent when he failed to make a record of a consultation. The court found that the failure to make the record did not hinder the plaintiff's ability to go forward with her case.
The evidence adduced at trial in this case failed to support the imposition of a Valcin presumption against appellant. Appellant was only responsible for the minor during the operation and there was no evidence presented that appellant failed to keep adequate records or injured the minor in any way. Lastly, the alleged failure to make a record or maintain an adequate record had no relation to the negligent act alleged by appellees. For these reasons, we conclude that the trial court abused its discretion in applying a Valcin presumption against appellant.

Directed Verdict
When reviewing a trial court's refusal to enter a directed verdict, this court "must view the evidence and all inferences of fact in a light most favorable to the nonmoving party," and should reverse if no proper view of the evidence could sustain a verdict in favor of the nonmoving party. Frenz Enters., Inc. v. Port Everglades, 746 So.2d 498, 502 (Fla. 4th DCA 1999). In Gooding v. University Hospital Building, Inc., 445 So.2d 1015, 1018 (Fla.1984), the supreme court held that a medical malpractice plaintiff must prove that a certain standard of care is owed, the defendant breached that standard of care, and such breach proximately caused the plaintiff's damages. Even viewing the facts in the light most favorable to appellees, appellees have failed to prove a prima facie case.
Absent the Valcin presumption, appellant correctly notes that appellees failed to prove the first two elements. They did not present any expert testimony that appellant's treatment fell below the appropriate standard of care. See § 766.102, Fla. Stat. (1995); Cohen v. Burger, 769 So.2d 466, 466 (Fla. 4th DCA 2000)(expert medical evidence is required to support a claim for medical malpractice); Robbins v. Newhall, 692 So.2d 947, 949 (Fla. 3d DCA 1997)(there was no expert testimony at trial to establish the proper standard of care or to show that the defendant deviated from the standard of care). Appellant is also correct that, without the presumption, appellees failed to prove the third element, causation. See Ewing v. Sellinger, 758 So.2d 1196, 1197-98 (Fla. 4th DCA 2000) (medical malpractice plaintiff must prove causation), rev. denied, 789 So.2d 345 (Fla.2001). Because appellees failed to prove the essential elements of their claim, a directed verdict should have been entered in appellant's favor.
Appellees contend that if the court reverses on the Valcin issue, then it should not remand for entry of a directed verdict. Instead, the court should remand with instructions to permit them an opportunity to prove a prima facie case without the Valcin presumption. They claim that they never proved a prima facie case at the initial trial because of their reliance on the two-year-old Valcin presumption order. Appellant replies that appellees also knew for two years that appellant was challenging the Valcin presumption and appellees had every opportunity to present a prima facie case the first time around.
Under these circumstances, we conclude that appellees should not be given a second opportunity to prove their case. In Weisgram v. Marley Co., 528 U.S. 440, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000), the U.S. Supreme Court addressed an analogous situation. In that case, the *352 U.S. Court of Appeals for the Eighth Circuit determined that expert evidence solely supporting a defective product verdict for the plaintiff was scientifically unsound. After considering the remaining evidence, it directed judgment as a matter of law for the defendant in spite of its discretion to remand for a new trial under Federal Rule of Civil Procedure 50. The Supreme Court noted that the plaintiff was on notice of the alleged deficiency in the evidence by the defendant's objection to the expert evidence and motion for judgment as a matter of law due to the evidentiary deficiency. It further noted that the plaintiff had every incentive to present his best expert testimony the first time around and thus rejected the plaintiff's argument that he would have "shored up" his case if he knew the expert testimony was inadmissible. Id. at 456, 120 S.Ct. 1011.
Similarly, here, appellees knew that appellant was challenging the Valcin presumption every step of the way, yet made no attempt to prove a prima facie case absent the presumption. Appellees'"failure to buttress [their] position because of confidence in the strength of that position is always indulged in at [their] own risk." Id. at 456, 120 S.Ct. 1011 (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 897, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). This argument rings even more true in this case where the presumption was rebuttable. Appellees thus had an even greater incentive to introduce evidence that appellant breached the applicable standard of care and caused the minor's injuries.
Appellees urge this court to analogize this situation to one where a summary judgment on liability is reversed and the plaintiff is permitted to introduce evidence of liability anew. However, this case is distinguishable from that scenario. First, the summary judgment on liability may be reversed because genuine issues of fact exist that require a trial and the introduction of evidence. Second, the Valcin presumption was rebuttable, not absolute like a determination of liability, and provided more of an incentive to fully present the case the first time. Finally, the Valcin court specifically rejected conclusive presumptions, which would have been more analogous to a summary judgment on liability, as a violation of due process. 507 So.2d at 599. This case is thus more analogous to the evidentiary situation in Weisgram because the Valcin presumption is evidentiary in nature, shifting the burden of proof.
Accordingly, we respectfully decline to accept appellees' invitation to remand with instructions to permit them another opportunity to prove a prima facie case without the Valcin presumption.
The final judgment and cost judgment in favor of appellees are hereby reversed, and this cause is remanded for entry of a directed verdict in favor of appellant. In light of our conclusions, we need not reach and address appellant's other issues in this appeal.
Reversed and remanded.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla.1987).
[2] The high/low agreement was not disclosed to the jury.
[3] The proper standard for reviewing a trial court's decision regarding the imposition of a Valcin presumption is whether the trial court abused its discretion. See Kloster Cruise Ltd. v. Igac, 741 So.2d 1215, 1215 (Fla. 3d DCA 1999)(held no abuse of discretion in failing to give a Valcin instruction where there was only one lost MRI film); King, 656 So.2d at 1337 (held an abuse of discretion to give Valcin instruction).